194

**ZECISKI, Plaintiff, v. ZECISKI et, Defendants.**

Common Pleas Court, Franklin County.

No. 190830.  Decided October 26, 1954.

King & Gross, Columbus, for plaintiff.
Robert M. Draper, Columbus, for defendants.

**OPINION**

By BARTLETT, J.

MOTION TO MAKE PETITION DEFINITE AND CERTAIN OVER-RULED.

The motion to make petition definite and certain seeks to require plaintiff to set forth his address in the caption, which already contains these words, "Box 423, Fairborn, Ohio."

Counsel for the defendant asserts this requirement is essential to the determination of the jurisdiction of the court.  This is a suit for partition of real estate in this county.  Under §2307.32 R. C., such suit must be brought in this county, regardless of where plaintiff resides.

Furthermore, the law does not require the addresses of parties to be stated.  Sec. 2309.03 and §2309.04 R. C., only the names of the parties is required by law; but by rule of court the addresses of all parties must be stated in the petition.  This is for the convenience of the Court and the parties, but has nothing to do with jurisdiction of the Court.

Counsel asserts the information given does not constitute an address, as one may live in Germany and have a box number in Ohio; and that the plaintiff's address is necessary, so that a subpoena may be issued for him on deposition.  The Court cannot agree the information given does not constitute an address.  The service of a subpoena shall be on the person or "left at his usual place of residence."  Sec. 2317.15 R. C. The same is true as to the service of a summons under §2703.08 R. C. These statutes use the phrase "usual place of residence," while the court rule merely requires "the addresses of all" parties shall be contained in the petition.  There must be a difference between one's residence and address under certain circumstances.

The Court feels that plaintiff has complied with the rule requiring his address be given, and there is no law or rule that he must set out "his usual place of residence." Certainly there is nothing before the Court to indicate such information is essential to the defendant in the preparation of her answer, which under the present circumstances, is the province of a motion to make the petition definite and certain.

The motion is overruled. Entry accordingly with exceptions by counsel for the defendant.